SAMUEL R. SCOTT v. JAMES MITCHELL.

It is error for the court to refuse to declare to the jury the legal rules necessary for the proper decision of the cause upon the evidence.

---

On *certiorari.*

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *J. H. Gaskill.*

For the defendant, *J. N. Stratton.*

The opinion of the court was delivered by

DIXON, J. This action was tried on appeal, before the Burlington Common Pleas. The alleged ground of suit was that plaintiff's wagon, driven by his son, had been overturned and injured in an effort to avoid a team negligently driven by the defendant. The contest was over the fact of negligence by the defendant or by the plaintiff's son.

At the close of the testimony, the defendant requested the court to charge the jury that if the injury resulted from an accident which neither party could have avoided or prevented by the exercise of ordinary care, the plaintiff could not recover, and that if, at the time of the injury, the defendant was using ordinary care, the plaintiff could not recover. The court, on objection by the plaintiff, refused to charge either of these propositions, and refused to make any charge to the jury, and these refusals are the errors now complained of.

These requests embody plain principles of law. *Drake* v. *Mount*, 4 *Vroom* 441. And the application of these principles was indispensable to a correct view of the testimony, for the defendant's negligence was the sole basis of his liability. It was, therefore, the duty of the court, being so requested, to declare these rules to the jury as the law of the case. *Broadwell* v. *Nixon*, 1 *South.* 362 ; *Allen* v. *Wanamaker*, 2 *Vroom* 370.

The judgment must be reversed, with costs, and the cause remitted to the pleas for a new trial.